09-3647-ag
Hu v. Holder

BIA
Nelson, IJ
A099 938 846

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:

REENA RAGGI,
PETER W. HALL,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

A HU,

    *Petitioner,*

    v.                                      09-3647-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

    *Respondent.*

_____

FOR PETITIONER:        Henry Zhang, Zhang & Associates, P.C., New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Heller R. Smith, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner A Hu, a native and citizen of China, seeks review of a July 31, 2009 order of the BIA affirming the April 1, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re A Hu*, No. A 099 938 846 (B.I.A. July 31, 2009), *aff'g* No. A 099 938 846 (Immig. Ct. N.Y. City Apr. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Jigme Wangchuck v. Dept't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

On appeal, Hu challenges the agency's finding that his testimony was not credible. In making its finding, the

2

agency observed that: (1) Hu's testimony regarding the dates and length of his and his father's detention were contradicted by a letter submitted by his father; (2) Hu offered vague testimony regarding the nature of the stomach illness that led him to begin practicing Falun Gong; and (3) Hu failed to provide sufficient corroboration for his claim that he practiced Falun Gong.

Hu submits that these reasons do not constitute substantial evidence that he was not credible. He asserts that his father confused the dates and length of his detention because he was trying to recall "something that happened a long time ago," Pet'r's Br. at 9, and that Hu offered only vague testimony regarding his stomach illness because he was unable to obtain a medical report from his doctor in China.

Even if these explanations were plausible, a reasonable factfinder would not have been *compelled* to credit them. *See* 8 U.S.C. § 1252(b)(4)(B); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In evaluating credibility, an IJ may rely on "all relevant factors" including "the consistency of [the applicant's] statements with other evidence of record . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's

claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Further, contrary to Hu's assertion, the IJ properly relied on his failure to submit corroborating evidence sufficient to rehabilitate the testimony the IJ had called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, we conclude that substantial evidence supports the agency's adverse credibility determination and, therefore, that Hu did not carry his burden of demonstrating eligibility for asylum. Even if Hu has sufficiently raised his withholding of removal claim on appeal, *cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), we would conclude that such relief was also reasonably denied because that claim was based on the same testimony found not credible, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

To the extent Hu challenges the agency's denial of CAT relief, we lack jurisdiction to review that argument because Hu did not exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any pending motion for a stay of

4

removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk